IT IS ORDERED

Date Entered on Docket: November 7, 2019

**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

GAILENE MORGAN Case No. 7-19-11934-TF
*aka* Gail Morgan

 Debtor.

**<u>DEFAULT ORDER GRANTING BMO HARRIS BANK, N.A. RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY DESCRIBED AS A 2013 NISSAN ALTIMA</u>**

 This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to BMO Harris Bank, N.A., filed on October 4, 2019, (DOC 14) (the "Motion") by BMO Harris Bank, N.A. ("Creditor"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

 (a) On October 4, 2019, Creditor served the Motion and a notice of the Motion (the "Notice") on Matthew Gandert, Attorney for Debtor and Edward Alexander Mazel (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Gailene Morgan, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the Collateral is listed in the Certificate of Title No. 1626713A1088002, and is more fully and particularly described as a 2013 Nissan Altima VIN: 1N4AL3APXDN513196.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on October 28, 2019;

(f) As of November 1, 2019, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Creditor need not name the Trustee as a defendant in any state court action it may pursue.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Creditor's claim against the estate for any deficiency owed by the Debtor after any disposition of the Property. Creditor may file an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Creditor is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/ Andrew P. Yarrington*
ANDREW YARRINGTON
Attorney for Creditor
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

**Gailene Morgan**
Debtor
PO Box 704
Crownpoint, NM 87313

**Matthew Robert Gandert**
Attorney for Debtor
1128 Pennsylvania St. NE
Suite 210
Albuquerque, NM 87110
505-255-4859
matt.leshinlawoffice@gmail.com


**Edward Alexander Mazel**
Chapter 7 Trustee
1122 Central Ave. S.W. Suite 1
Albuquerque, NM 87102
Telephone: (505) 433-3097